UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARALABOS PANAGIOTOPOULOS, et al.,

                Plaintiffs,

-against-

MATTEO GALATI, et al.,

                Defendants.

25-CV-6947 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Haralabos Panagiotopoulos, who resides in East Elmhurst, Queens, brings this action *pro se*. In addition to his complaint, Plaintiff filed five "emergency" motions seeking a temporary restraining order, preliminary injunctive relief, and a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. By order dated August 26, 2025, the Court granted Plaintiff's application to proceed in forma pauperis ("IFP"). For the following reasons, the Court denies the five "emergency" motions.

## BACKGROUND

       This action concerns three different sets of claims that arose in Queens County and New York County. The first set of claims concerns a contract dispute involving work performed for the Metropolitan Transit Authority ("MTA") in New York County and involves the following seven defendants: (1) Walls and Ceilings, Inc. ("W&C"), a company located on Long Island and two W&C owners or employees, Matteo Galati and Mrs. Galati; (2) Lock Construction Corporation ("LCC"), which is located in the Bronx, and Frank Malhas, LCC owner or employee; and (3) Muhammad Saleh, "MTA PM," and Moutou, "MTA Civil Rights Officer"; Saleh and Moutou appear to be employees of the MTA.

The second set of claims concerns Plaintiff's ongoing eviction proceedings in Queens County; with respect to this claim, he names his landlord, Christine Demma, as a defendant.

The third set of claims concerns Plaintiff's medical treatment at Mount Sinai Hospital, which he names as a defendant, and the treatment provided by Defendant Dr. Georgios Drakas, who may be affiliated with Mount Sinai.

Plaintiff contends that all ten defendants conspired against him.

## DISCUSSION

**A.     Preliminary Injunctive Relief and Temporary Restraining Order**

To obtain preliminary injunctive relief, including a temporary restraining order, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Although Plaintiff styles his pleading as a civil rights action, the claims do not appear to arise under federal law. Rather, the claims appear to arise under state law because he seeks relief regarding a contract, eviction proceedings, and medical treatment, none of which are generally regulated by federal law. Because Defendants all

2

appear to reside in New York, it does not appear that this Court can exercise subject matter jurisdiction of Plaintiff's claims. *See* 28 U.S.C. §§ 1331-1332. Accordingly, the Court denies Plaintiff's request for preliminary injunctive relief. The Court will issue an explanatory order at a later date.

**B.     Protective Order**

Plaintiff seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26 requires parties, while awaiting discovery requests, to make initial disclosures of certain information within 30 days after being served or joined, unless a different time is set by stipulation or court order. Fed. R. Civ. P. 26(a)(1)(C). "A party or any person from whom discovery is sought may move for a protective order," either in the court where the action is pending, or the court for the district where a deposition will be taken, to limit disclosure or discovery. Fed. R. Civ. P. 26(c).

A Rule 26(c) motion requires the moving party to certify that the movant has attempted to meet and confer with affected parties to resolve the discovery dispute without court action. Plaintiff brings this motion prior to service on Defendants, and it therefore appears to be premature. The Court therefore denies Plaintiff's motion for a protective order, pursuant to Rule 26(c), without prejudice to renewal after issuance of an order of service of the summons and complaint.

**CONCLUSION**

Plaintiff's requests for preliminary injunctive relief, a temporary restraining order, and a protective order (ECF No. 7-10, 12) are denied. The Court directs the Clerk of Court to terminate these motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 8, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge