UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARALABOS PANAGIOTOPOULOS, et al. | |
| Plaintiffs, | 25-CV-6947 (LTS) |
| -against- | PARTIAL TRANSFER ORDER AND ORDER TO AMEND |
| MATTEO GALATI, et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Haralabos Panagiotopoulos, who resides in Queens County, brings this civil rights action, *pro se*, seeking emergency relief. In addition to his own claims, he asserts claims on behalf of his Queens-based company, Panagios MEP Corp. ("Panagios MEP"), which is named as a plaintiff. On August 28, 2025, the Court granted Panagiotopoulos's application to proceed *in forma pauperis* ("IFP"), that is, without the prepayment of fees.

For the following reasons, the Court (1) severs the claims that allegedly arose in Queens County, New York, and transfers those claims to the United States District Court for the Eastern District of New York; (2) grants Plaintiff 30 days' leave to file an amended complaint; (3) dismisses the claims brought on behalf of Plaintiff's corporation, without prejudice; and (4) denies Plaintiff's motion seeking emergency relief, his request for the appointment of counsel, and his request for service of summonses by the U.S. Marshals.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff asserts claims on behalf of himself and his corporation, Panagios MEP. Named as Defendants are Walls and Ceilings, Inc. ("W&C"), which is located in Hempstead, Nassau County, New York, and two W&C employees, Matteo Galati and Mrs. Galati, who also appear to reside in Nassau County; (2) Christine Demma, Plaintiff's East Elmhurst, Queens landlord; (3) Lock Construction Corporation ("Lock"), a Bronx corporation, and Frank Malhas, a Lock owner or employee; (4) the Metropolitan Transportation Authority ("MTA") and two MTA employees, Muhammad Saleh, a Project Manager, and Mouton, a Civil Rights Officer; and (5) Mount Sinai Hospital and a Mount Sinai doctor, Dr. Georgio Drakas.

Plaintiff's claims primarily concern (1) an ongoing eviction proceeding in Queens County, involving Plaintiff's landlord, Defendant Demma ("eviction claims"); (2) contractual disputes with W&C and the Galatis (""W&C claims"); (3) contractual disputes with the MTA Defendants regarding work performed by Plaintiff's corporation ("MTA claims"); (4) contractual disputes with Lock and Malhas ("Lock claims"); and (5) medical claims against Mount Sinai and

Dr. Drakas ("Mount Sinai claims"). With respect to the Mount Sinai claims, Plaintiff does not identify the Mount Sinai facility at which he was treated.

## DISCUSSION

### A.    Severance of claims arising outside this district

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See id.* Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, courts consider "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*,

3

596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put simply, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Plaintiff appears to be attempting to assert five sets of claims that are not logically connected. First, Plaintiff alleges that his Queens County landlord is evicting him from his property in Queens. Second, he alleges that he and Nassau County defendants W&C and the Galatis currently are in a contractual dispute. Third, he indicates that he also is in a contractual dispute with the MTA and MTA employees, who Plaintiff asserts violated federal civil rights law. Fourth, he claims he and Lock and Malhus, who appears to reside in the Bronx, are also in a contractual dispute. Finally, Plaintiff asserts medical claims arising from his medical treatment at a Mount Sinai hospital, without specifying the location of the hospital. These five sets of claims do not arise from the same set of events or involve the same individual defendants.

Because these five sets of claims appear to be unrelated, the Court concludes that they should be severed. At this stage, however, the Court severs only the claims that allegedly arose in Queens County from the remaining claims; as discussed below, the Court grants Plaintiff leave to file an amended pleading involving one set of the remaining three claims.

**B.    Transfer of eviction claims and W&C claims to the Eastern District of New York**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants W&C, Matteo Galati, Mrs. Galati, and his landlord,

Demma, violated his rights in Queens County. He does not plead the residence of these

defendants, but the complaint suggests that they all reside in Queens County. Thus, it appears

that venue for these claims is likely not proper in this district under Section 1391(b)(1). Because

Plaintiff asserts that the alleged events giving rise to these claims against these defendants

occurred in Queens County, which falls within the Eastern District of New York, *see* 28 U.S.C.

§ 112, it does not appear that venue is proper in this district under Section 1391(b)(2).

Even if venue for these severed claims would be proper in this district, a court may

transfer the claims to any other district where they might have been brought "[f]or the

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

determining whether transfer is appropriate, courts consider the following ten factors: (1) the

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of Plaintiff's eviction and W&C claims appears to be appropriate in this case. The alleged underlying events occurred in Queens County, where the Queens County defendants all appear to reside. The Eastern District of New York appears to be a more convenient forum for these claims. Accordingly, the Court transfers these claims to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## C.    Order to amend MTA, Lock, or Mount Sinai claims

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

As noted above, Plaintiff asserts five sets of seemingly unrelated claims. The three sets remaining in this action—the MTA claims, the Lock claims, and the Mount Sinai claims—do not

state enough facts to suggest that Plaintiff is entitled to relief from any defendant. Accordingly, the Court grants Plaintiff leave to file an amended complaint against either the MTA defendants, the Lock defendants, or the Mount Sinai defendants. If Plaintiff wishes to bring claims against the other two sets of defendants, he may do so in two new civil actions.

### D.    Plaintiff cannot assert claims on behalf of his corporation

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff brings claims on behalf of his company, Panagios MEP. Plaintiff does not allege that he is an attorney nor does he allege that his company is a sole proprietorship. Because a corporation must appear through licensed counsel, Plaintiff cannot sue on behalf of Panagios MEP. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Because Panagios MEP cannot appear *pro se*, and Plaintiff alleges no facts suggesting that he is an attorney able to represent his company's interests, the Court

dismisses the claims brought on behalf of Panagios MEP, without prejudice to Panagios MEP obtaining counsel and asserting these claims on its own behalf.

### E.     The Court denies Plaintiff's motions

#### 1.     Emergency relief

Plaintiff has filed two motions for a temporary injunction. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Because the Court has determined that Plaintiff has not pleaded enough facts to state a claim, Plaintiff cannot show a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies the motion without prejudice to renewal at a later stage.

#### 2.     *Pro bono* counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for the appointment of *pro bono* counsel is denied without prejudice to renewal at a later date.

3.      **Service by the U.S. Marshals**

The Court denies Plaintiff's motion for service of summonses by the U.S. Marshals. Because Plaintiff is proceeding IFP, this action is subject to the IFP statute's screening provision under Section 1915(e)(2)(B). Thus, before summonses are issued in this case, the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Should the Court determine that the action should not be dismissed under the IFP statute, the assigned district court judge may issue an order directing the Clerk of Court to issue summonses and direct the U.S. Marshals to effect service. Accordingly, the Court denies Plaintiff's motion for service at this time.

## CITY BAR JUSTICE CENTER

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are

available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

The Court severs the claims that arose in Queens County, New York, and transfers those claims to the United States District Court for the Eastern District of New York. The Court directs the Clerk of Court to transfer the claims brought against Defendants Walls & Ceilings Inc., Matteo Galati, Mrs. Galati, and Christine Demma to the Eastern District of New York and to terminate these four defendants from this action.

The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-6947 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses the claims brought on behalf of Plaintiff's corporation, Panagios MEP Corp., without prejudice to Panagios MEP Corp. obtaining counsel and asserting its own claims. The Court directs the Clerk of Court to terminate this plaintiff from this action.

The Court denies Plaintiff's motions seeking emergency relief (ECF 21-23), his request for the appointment of counsel (ECF 25), and his request for service of summonses by the U.S. Marshals (ECF 24).

A flyer from the City Bar Justice Center is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 3, 2025
           New York, New York

                                                      /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                 Chief United States District Judge